UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-156-KDB

| MAURICE D. RIVERS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| THE UNITED STATES, | ) | **ORDER** |
| Defendant. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 5].

## I. BACKGROUND

The pro se Plaintiff filed this action while he was a pretrial detainee at the Iredell County Jail in Statesville, North Carolina.[1] He purports to file this action under federal question and diversity jurisdiction under the "Universal Declaration of Human Rights Articles 1-30." [Doc. 1 at 1]. He has named the United States as the sole Defendant. [Id.]. He alleges that: "between the years 2003-2024, an assortment of erotic videos were made and distributed with [Plaintiff's] name and likeness" without his consent; various individuals, including family members, girlfriends, and his ex-wife have made millions of dollars from the videos in a scam to defraud him; and at least two women married him for a green card. [Id. at 2-8, 10]. He includes a list of "suspects" in these scams. [Id. at 9]. He seeks profits from "all online sources" and from individuals who profited from his exploitation, a permanent restraining order, a full federal investigation, and "removal of marriages." [Id. at 10].

---

[1] The Plaintiff's present address is at the Mecklenburg County Jail.

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Complaint fails to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The allegations are so bizarre that the Court is unable to determine, at this juncture, whether it has jurisdiction over this action. As such, the Complaint will be dismissed

without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, this case will be dismissed and closed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED**.

Signed: September 4, 2024

Kenneth D. Bell
United States District Judge